# IN THE COURT OF APPEALS OF IOWA

No. 22-1613
Filed April 12, 2023

**SHANE A. SCHOENBERGER,**
 Petitioner-Appellant,

**vs.**

**ACUITY, A MUTUAL INSURANCE COMPANY, and ZEPHYR ALUMINUM PRODUCTS,**
 Respondents-Appellees.
_____

 Appeal from the Iowa District Court for Polk County, David Nelmark, Judge.

 A claimant appeals the district court's error-preservation finding on judicial review of workers' compensation proceedings. **REVERSED AND REMANDED.**

 Thomas M. Wertz and Mindi M. Vervaecke of Wertz Law Firm, Cedar Rapids, for appellant.

 Stephanie L. Marett of Nyemaster Goode, P.C., Des Moines, for appellee.

 Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

This appeal concerns the narrow question of error preservation in the administrative law context. Shane Schoenberger contends the district court erred in finding he did not preserve error on the issue of whether he was entitled to industrial disability benefits for a combined shoulder and arm injury. Upon our review of the proceedings before the Iowa Division of Workers' Compensation, we find the issue was preserved. Accordingly, we reverse and remand to the agency for adjudication on the merits of this issue.

### I. *Background Facts and Proceedings.*

Since 2001, Schoenberger has worked through a union as a journeyman carpenter for various employers. Except for intermittent layoffs, he has worked for Zephyr Aluminum Products since 2007. Zephyr is insured by its co-defendant Acuity. On September 18, 2017, Schoenberger sustained an injury while working for Zephyr. After physical therapy and a subacromial injection failed to resolve his shoulder pain, Schoenberger underwent arthroscopic surgery on his left shoulder, which consisted of labral debridement with biceps tenotomy, arthroscopic acromioplasty with conversion of type I acromion, and a mini-open rotator cuff repair. He spent some time off work altogether, returned part-time on light duty, and eventually resumed working full-time for Zephyr with some permanent restrictions.

Schoenberger applied for permanent partial disability benefits as a result of the injury. The parties obtained a total of three independent medical evaluations between November 2018 and August 2020, which each opined as to the percentages of impairment to Schoenberger's left upper extremity and body as a

whole. Notably, one of the examining physicians explained that Schoenberger's arm would not be as functional but did not distinguish the impairment rating beyond the upper-left-extremity or body-as-a-whole categories. Schoenberger's reported symptoms ranged from left shoulder and biceps pain to numbness in the triceps area, tingling from the elbow through the left hand, and problems working at or above chest level, gripping and grasping, and using power tools. Testing in October 2019 showed ulnar neuropathy at the left elbow, which the subsequent medical evaluation opined was a sequela to the work injury and related surgery.

On June 21, 2021, the deputy workers' compensation commissioner filed an arbitration decision, which found that Schoenberger failed to prove the stipulated work injury extended beyond his left shoulder into the body as a whole, and therefore he was not entitled to receive industrial disability benefits. Pursuant to Iowa Code section 85.34(2)(n) (2017), the deputy commissioner found Schoenberger sustained permanent scheduled member disability to nineteen percent of the left shoulder, and this disability entitled Schoenberger to receive seventy-six weeks of permanent partial disability benefits.

Schoenberger appealed to the workers' compensation commissioner, arguing the deputy commissioner erred in finding his injury did not extend beyond the left shoulder and qualify for industrial disability benefits under section 85.34(2)(v). The commissioner filed an appeal decision on March 7, 2022. Although the commissioner's decision affirmed the finding that Schoenberger failed to prove the injury extends beyond his left shoulder into the body as a whole and therefore does not qualify for industrial disability benefits, the decision failed to specifically address Schoenberger's assertion that his injury qualifies for

industrial disability benefits because it constitutes a combined shoulder and arm injury. Because Schoenberger had not previously and explicitly raised the question of a combined shoulder and arm injury or secured a ruling thereon, the district court found that error on this issue was not preserved and affirmed the commissioner's decision on judicial review. Schoenberger filed a timely appeal.

## II. Review.

"We review a district court decision reviewing agency action to determine if we would reach the same result as the district court in our application of the Iowa Administrative Procedure Act." *Staff Mgmt. v. Jimenez*, 839 N.W.2d 640, 653 (Iowa 2013). "Further, 'we review the commissioner's interpretation of Iowa Code chapter 85 for correction of errors at law instead of deferring to the agency's interpretation' because the legislature has not clearly vested the commissioner with authority to interpret that chapter." *Chavez v. MS Tech. LLC*, 972 N.W.2d 662, 666 (Iowa 2022) (citation omitted). "Nevertheless, we accept the commissioner's factual findings when supported by substantial evidence." *Id.* (citation omitted) (cleaned up).

## III. Discussion.

Schoenberger argues that he properly preserved error because different error preservation rules apply in the administrative law context. We agree with this premise but disagree that it leads directly to Schoenberger's requested result.

> Normally, for an issue to be preserved, a party must present it and have it ruled upon before a court will review the issue on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

The rule is different for administrative law cases. The final agency action in a workers' compensation case is not the deputy's decision, but the decision of the workers' compensation commissioner. *See* Iowa Code § 86.24(5) (2013). We have held a party preserves error on an issue before an agency if a party raises the issue in the agency proceeding before the agency issues a final decision and both sides have had an opportunity to address the issue. *See Office of Consumer Advocate v. Iowa State Commerce Comm'n*, 465 N.W.2d 280, 283 (Iowa 1991) (finding a party preserved error by raising an issue in a petition for rehearing).

*Jimenez*, 839 N.W.2d at 647. Based on this principle, Schoenberger contends that raising his industrial disability argument based on the combination of shoulder and arm injuries on appeal to the commissioner, and thereby giving the defendants an opportunity to respond, was sufficient. We acknowledge that this scenario could be true in some instances. However, another key element is necessary: having raised the issue at the earliest possible opportunity. *See Off. of Consumer Advoc.*, 465 N.W.2d at 283 (finding issue preserved despite not being initially plead before the agency because it was raised to the agency "at the earliest possible opportunity").

Consistent therewith, rule 876–4.28(7) of the Iowa Administrative Code describes the scope of issues on appeal before the workers' compensation commissioner:

The appeal will consider the issues presented for review by the appellant and cross-appellant in their briefs and any issues necessarily incident to or dependent upon the issues that are expressly raised, except as provided in rule 876—4.29(86,17A). *An issue will not be considered on appeal if the issue could have been, but was not, presented to the deputy workers' compensation commissioner.* An issue raised on appeal is decided de novo and the scope of the issue is viewed broadly. If the ruling from which the appeal was taken made a choice between alternative findings of fact, conclusions of law, theories of recovery or defenses and the alternative selected in the ruling is challenged as an issue on appeal,

de novo review includes reconsideration of all alternatives that were available to the deputy.

(emphasis added). This rule highlights that failing to obtain a ruling from the deputy commissioner is not fatal so long as the matter was raised. *See Boehme v. Fareway Stores, Inc.*, 762 N.W.2d 142, 146 (Iowa 2009) (clarifying that presentation to the deputy commissioner does not require obtaining a ruling from the deputy in order to preserve the issue for further review).

Here, Schoenberger's claim to the deputy commissioner centered on whether his injury was to the scheduled member shoulder or extended beyond it. The deputy commissioner summarized the issue as follows:

> One of the main issues in this case is if claimant's injury extends to the body as a whole, and is compensated as an industrial disability under Iowa Code section 85.34(2)(v), or if the injury is limited to the shoulder and is compensated as a functional loss under Iowa Code section 85.34(2)(n).

In this way, the question of industrial disability under Iowa Code section 85.34(2)(v) was indeed presented at the earliest opportunity, which in this case, was to the deputy commissioner. Zephyr contends that

> adding a whole new body part for consideration with respect to the nature and extent of injury is not an "alternative theory" that is incident to, dependent upon, or already encompassed within the issues expressly raised to the deputy commissioner on whether a shoulder injury only is a scheduled member or body as a whole injury.

(citing Iowa Admin. Code r. 876–4.28(7)). However, we find that the broad scope to be embraced on appeal pursuant to rule 876–4.28(7) supports otherwise.

Essentially, Schoenberger went from arguing that his injury extended beyond the shoulder to the body as a whole to arguing the injury extended beyond the shoulder by way of the arm injury specifically. He was not permitted to add a

whole new body part, introduce additional evidence, or claim a new injury. The record already contained evidence pertaining to symptoms below the shoulder area, such as the sequela injury involving ulnar neuropathy at the elbow. Therefore, we agree with Schoenberger's characterization of his appellate argument to the commissioner as "additional ammunition for the same argument . . . made below—not a new argument advanced on appeal." *See JBS Swift & Co. v. Ochoa*, 888 N.W.2d 887, 893 (Iowa 2016).

Because Schoenberger presented the broad issue to the deputy commissioner, it was preserved for the commissioner's review on direct appeal. The commissioner did not explicitly find the issue waived but failed to address the argument altogether. In such circumstances, we encourage claimants to file an application for rehearing pursuant to rule 876–4.24 of the Iowa Administrative Code. Nonetheless, in light of our special preservation rules for administrative proceedings, we find the issue was preserved for the district court. *See Jimenez*, 839 N.W.2d at 647. Accordingly, we reverse the ruling on judicial review and remand to the agency for a determination on the merits of this issue.

**REVERSED AND REMANDED.**

Vaitheswaran, P.J., concurs; Greer, J., dissents.

**GREER, Judge** (dissenting).

Shane Schoenberger contests the district court ruling that his claim for benefits under Iowa Code section 85.34(2)(v) (2021) was not preserved.[1] In his requested relief in the appellate brief here, Schoenberger commented that the "[c]ommissioner did a de novo review and still only awarded the functional impairment rating to the shoulder," yet requested that we "remand[] back to the [a]gency for a determination of whether Schoenberger's injury falls within the industrial disability analysis with two schedule [sic] injuries to his shoulder and arm combined." Schoenberger concedes he first raised the legal theory that the combined injuries to the shoulder and arm were separate scheduled injuries in his appellate brief to the commissioner, but we note he initially addressed the arm and shoulder complaints[2] with the deputy commissioner under the theory that the arm dysfunction, along with the shoulder injury, would require a finding of injury to the person as a whole. The deputy commissioner noted:

> One of the main issues in this case is if claimant's injury extends to the body as a whole, and is compensated as an industrial disability under Iowa Code section 85.34(2)(v), or if the injury is limited to the shoulder and is compensated as a functional loss under Iowa Code section 85.34(2)(n).

So, I part ways with the majority on the approach we should take given the record and the legal issues before us. The commissioner affirmed the deputy

---

[1] Both parties point to cases that, in their analysis, answer the error-preservation question. Given that those cases, which were considered by the district court, could take us on different paths, clarity might be helpful here if resolution depended on error preservation.

[2] At all stages of the case, Schoenberger describes his work injuries as including: "his rotator cuff, left superior labrum, supraspinatus tendon, left biceps long head tendon, and sequela to the left elbow, and left ulnar nerve causing symptomatology from elbow to fingertips."

commissioner's ruling that considered whether the work injury was solely to the shoulder, such that Iowa Code section 85.34(2)(n) (2021) applies, or was a constellation of injuries under section 85.34(2)(v). *See Chavez v. MS Tech. LLC*, 972 N.W.2d 662, 668 (Iowa 2022) ("These rules of statutory construction guide our conclusion that 'shoulder' under section 85.34(2)(n) must be defined in the functional sense to include the glenohumeral joint as well as all of the muscles, tendons, and ligaments that are essential for the shoulder to function."). Both theories required a finding that the arm and hand complaints were work-related injuries, along with the shoulder injury.

As for the record made below, Schoenberger offered medical evidence over the arm and hand symptoms to show those injuries should be considered along with the shoulder injury to allow compensation under 85.34(2)(v). In an independent medical examination by his expert, Dr. John Kuhnlein, the doctor opined less definitively, that:

> The ulnar forearm, hand, and finger symptoms developed after the surgery with no other known cause for these symptoms, and so while the cause for the symptoms has not been formally defined at this time, it is more likely that they are related to the surgery that was performed for this work injury, and so therefore would be related to the original September 18. 2017, injury as a sequela to that injury.

Still, two medical evaluators providing medical reviews for the employer, Dr. David Field and Dr. James Nepola, evaluated the left arm and hand complaints as not related to the work injury and shoulder issues. So, although the legal theory was presented differently before the deputy commissioner than it was before the commissioner on appeal, the underlying proof required for either theory was developed and considered by the deputy commissioner. Yet, the deputy

commissioner found (and the commissioner affirmed and adopted) that only the shoulder issues were work-related injuries requiring compensation under the Iowa Workers' Compensation statute. We give great deference to the commissioner's determination that Schoenberger suffered only one work-related injury. *See Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 844 (Iowa 2011) ("Our decision is controlled in large part by the deference we afford decisions of administrative agencies. Medical causation presents a question of fact that is vested in the discretion of the workers' compensation commissioner."). And without a second injury, Schoenberger cannot be entitled to industrial disability benefits. *See* Iowa Code § 85.34(2)(n) (including "shoulder" in the statutory list of scheduled member injuries); *Chavez*, 972 N.W.2d at 666–67 ("Disabilities resulting from injuries other than those listed in paragraphs (a) through (u) of section 85.34 are considered unscheduled injuries that allow for benefits based on the injury to the body as a whole and are evaluated according to the industrial method."); *accord Chavez*, 972 N.W.2d at 670–71 (refusing to consider claimant's argument that she was entitled to industrial disability benefits because she injured two scheduled members, her shoulder and arm, because substantial evidence supported the commissioner's finding that the claimant failed to prove a second injury).

Given our deference to the agency, I would affirm the commissioner's ruling over the compensation for the work-related shoulder injury.